**Barry KOHL, Plaintiff—Appellant,**

v.

**John E. POTTER, Postmaster General, Defendant—Appellee.**

No. 05–55480.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2007.

Filed March 19, 2007.

Andrew M. Wyatt, Esq., Law offices of Andrew M. Wyatt, Woodland Hills, CA, for Plaintiff–Appellant.

Vince Farhat, Esq., USLA—Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

Before: FERNANDEZ, GRABER, and IKUTA, Circuit Judges.

MEMORANDUM *

1. Kohl has not produced direct evidence that the Postal Service fired him because of his religion. A stray remark by a non-decision maker is not sufficient to create a material issue of fact in this regard. *See Vasquez v. County of Los Angeles,* 349 F.3d 634, 640 (9th Cir.2004). Likewise, Kohl did not establish a claim based on indirect evidence under the *McDonnell–Douglas* burden-shifting test because he failed to demonstrate that the

legitimate reasons offered by the Postal Service for his termination were pretextual. *See Bodett v. CoxCom, Inc.,* 366 F.3d 736, 745 (9th Cir.2004).

2. Even if Kohl made a prima facie case of retaliation, he has not demonstrated that the Postal Service's reasons for obtaining a fitness for duty evaluation and subsequently terminating him were pretextual, given Kohl's angry and threatening behavior to other employees, the two psychiatric evaluations concluding that such behavior precluded Kohl's continued employment as a mail clerk, and a third psychiatric evaluation that contained the same general diagnosis as the other two, but stopped short of saying that he could not continue to work at his job. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1062–63 (9th Cir.2002). The persons accused of retaliatory motives were not the decisionmakers, and Kohl has not offered any evidence that DeWitt was motivated by discriminatory intent. *See Vasquez,* 349 F.3d at 642.

**AFFIRMED.**

GRABER, Circuit Judge, concurring in part and dissenting in part:

I concur in the holding that summary judgment was proper as to the religious discrimination claim.

With respect to the retaliation claim, however, I dissent. A reasonable jury could find that the referral for a fitness for duty evaluation ("FFDE") was retaliatory. *See Ray v. Henderson,* 217 F.3d 1234, 1241–43 (9th Cir.2000). There is evidence in the record that Plaintiff was recommended for the FFDE only six days after the processing of his Equal Employment Opportunity ("EEO") grievance, by the ad-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

judicator of that grievance, *see Passantino v. Johnson & Johnson Consumer Prods., Inc.,* 212 F.3d 493, 507 (9th Cir.2000); that earlier FFDE recommendations, which Defendant had not acted on, also followed on the heels of earlier EEO complaints; that the referral letter accompanying the FFDE request stated that Plaintiff had "filed grievances"; that FFDE referrals nearly always lead to termination; and that Plaintiff had worked for Defendant acceptably for more than 25 years. *See Costa v. Desert Palace, Inc.,* 299 F.3d 838, 856–57 (9th Cir.2002) (en banc), *aff'd,* 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003). Therefore, "viewing the evidence in the light most favorable to" Plaintiff, as we must, *Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922 (9th Cir.2004), a genuine issue of material fact remains.